UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBIN T. COURTNEY,

                        Plaintiff,

  -against-                                    **SUA SPONTE REPORT & RECOMMENDATION**
                                                          22-cv-2425 (DG)(AYS)

HON. JUDGE FARNETI, ATTORNEY
EVAN ZUCKERMAN,

                        Defendants.
------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

        This Court has reviewed the docket herein, and, upon such review, makes the following sua sponte Report and Recommendation to the District Court. This Report and Recommendation is made with respect to a letter from Plaintiff that appears as Docket Entry No. 10 on the docket herein (Letter from Robin Courtney to Judge Gujarati dated July 13, 2022) (hereinafter "Plaintiff's Letter").

        Plaintiff's Letter seeks entry of a judgment of default against both Defendants for their failure to respond to the complaint within the time set forth in the Federal Rules of Civil Procedure (the "FRCP"). Plaintiff's Letter states that it is not a request to make a motion, but constitutes the motion itself. Upon review thereof and for the following reasons, this Court respectfully recommends that Plaintiff's Letter be construed as a motion, and that such motion be denied, with prejudice, without the necessity of additional briefing.

        Plaintiff properly states that the FRCP provides for service of an answer, or pre-answer motion within 21days of service. FRCP 12(a)(1)(A). The return of summons, as set forth on the

docket herein, indicates that Defendants were served on May 26, 2022. It states further that Defendants' answers were due on June 16, 2022. See Docket Entry ("DE") [7]. On June 16, 2022, Defense counsel filed a notice of appearance as well as a motion for a pre-motion conference to move to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. On that day, Defendants also filed an affidavit of service showing that their papers were mailed to the Plaintiff on June 16, 2022. DE [6].

Pursuant to the FRCP, the relevant date of service of these papers on Plaintiff is June 16, 2022 (the mailing date). It is not the date that Plaintiff claims to have actually received Defendants' papers. Defendants cannot (and presumably do not) claim that the June 16, 2022 electronic filing is service on the Plaintiff. They need not do so because, under the FRCP it is the mailing of the June 16, 2022 filings to the Plaintiff (which took place by regular mail on June 16, 2022) that constitute the making of service on the Plaintiff. See Rule 5(2)(C) of the Federal Rules of Civil Procedure. Proof of that timely service by regular mail is, as noted above, on the docket herein. See DE[ 6].

Additionally, Plaintiff cannot argue that service of a pre-motion conference letter is insufficient to comply with Rule 12. That is because Rule III(A)(2) of the District Court, (like the individual rules of most courts), states specifically that service of a motion seeking a pre-motion conference to move to dismiss shall constitute timely service of a motion pursuant to Rule 12. As such, timely service of the pre-motion conference letter complies with the 21-day period set forth in Rule 12.

Accordingly, upon review of the docket herein, this Court notes that the papers on the docket show clearly that the Defendants are not in default. This Court therefore respectfully

recommends that Plaintiff's letter appearing as Docket Entry 10 herein be construed, as stated by Plaintiff, as a motion for default and that such motion be denied with prejudice.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on Defendants by electronic filing on the date below. Defense counsel is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address and to file proof of service on ECF by July 25, 2022. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
July 21, 2022

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge