UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBIN COURTNEY

                            Plaintiff,                           **REPORT AND**
                                                                                **RECOMMENDATION**
              -against-                                     CV 22-2425 (DG)(AYS)

HON. FARNETI and EVAN ZUCKERMAN,
                            Defendants.
------------------------------------------------------------------X
ANNE Y. SHIELDS, United States Magistrate Judge:

       This is an action commenced pursuant to 42 U.S.C. Section 1983, by Plaintiff Robin Courtney ("Plaintiff" or "Courtney") alleging violations his Fifth and Fourteenth Amendment rights under United States Constitution. He also appears to seek to allege, by way of response to the pending motion, claims under the Fifth and Seventh Amendment. Named as Defendants are the Honorable Joseph Farneti, a sitting Justice of the New York State Supreme Court, County of Suffolk (who Plaintiff states is sued only in his official capacity), and Evan Zuckerman, named in his capacity as Justice Farneti's former principal law clerk. The presently operative complaint is Plaintiff's First Amended Complaint, referred to herein as the "Complaint". See Docket Entry herein ("DE") [21].

       Presently before the Court, on referral from the Honorable Diane Gujarati for Report and Recommendation, is Defendants' motion to dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, this Court recommends that Defendants' motion be granted and that this matter be dismissed in its entirety.

1

BACKGROUND

I.   The State Court Actions

Justice Farneti is presently presiding over two consolidated cases commenced by Plaintiff against his neighbor. Those cases (the "State Court Actions") are pending and arise out of Plaintiff's allegation that his neighbor improperly cut down trees and placed fences on Courtney's property. See Am. Compl. at 4[1]. Plaintiff's first case against his neighbor was commenced in December of 2016. Therein he complained about the trees. See Am. Compl. at 8. In October of 2017, Courtney commenced a second lawsuit against his neighbor, this time complaining about the placement of fences. Id. Justice Farneti is the Justice presiding over Plaintiff's State Court Actions. Defendant Zuckerman is alleged to have served as Justice Farneti's principal law during some part of the time when Plaintiff sued his neighbor.

Plaintiff's neighbors moved for summary judgment in the State Court Actions. As of the date of commencement of this action no decision had been rendered by the State Court. However, on December 22, 2022, Justice Farneti denied the motion. In particular, Justice Farneti held that issues of fact precluded entry of judgment on behalf of defendants. Thus, Justice Farneti ruled in favor of Plaintiff. See DE [32]. This Court, of course, expresses no opinion as to the propriety of Justice Farneti's decisions on the merits of any claims in the State Court Actions.

II.  Plaintiff's Complaint

In this case, commenced before Justice Farneti's decision denying summary judgment to Plaintiff's neighbor, Plaintiff alleges that Defendants have deprived him of his Constitutional rights on the ground that Justice Farneti took more than sixty days to decide the then-pending

---

[1] For ease of reference, page numbers referenced herein are numbers assigned to pages on electronically filed documents, and not to the underlying documents themselves except for page numbers referenced in cases.

2

motion for summary judgment. He also complains about improper notice of cancellation of a conference. See DE [21-1] at 5. Despite denial of his adversary's motion for summary judgment in the State Court Actions, Plaintiff has made clear his intent to continue with this lawsuit. See DE [35] and order of this Court dated March 3, 2023.

III.   The Pending Motion

Defendants move to dismiss pursuant to Rule 12(b)(1) for dismissal on the grounds of sovereign immunity and abstention, and pursuant to Rule 12(b)(6) on the ground of judicial immunity. See DE [27]. The motion to dismiss was made on October 31, 2022. Id. On January 9, 2023, when the motion was still pending, Defendants filed a docket entry showing (as described above) that the motion for summary judgment in the State Court Actions was decided in Plaintiff's favor. See DE [32]. There is certainly no indication that the decision of the State Court was in any way prompted or affected by the filing of this lawsuit.

On March 6, 2023, this Court held a status telephone conference. During that conference Plaintiff stated that despite the ruling in his favor in the State Court Actions, he intends to continue on with this lawsuit. The next day, the District Court referred the pending motion to dismiss to this Court for Report and Recommendation. See Order Referring Motion dated 03/07/2023.

IV.   Disposition of the Motion

    A.   Standards Applicable to Defendants' Motion to Dismiss

    1.   Rule 12(b)(1)

"In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must accept as true all the material factual allegations contained in the complaint, but a court is 'not to draw inferences from the complaint favorable to plaintiffs.'"

3

Mercer v. New York City Housing Auth., 2021 WL 230124, at * 2 (S.D.N.Y. Jan. 22, 2021) (quoting, J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). Additionally, when considering a Rule 12(b)(1) motion the court may consider evidence outside of the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Actions are properly considered and subject to dismissal under Rule 12(b)(1) standards where the court "lacks the statutory or constitutional power to adjudicate it." Green v. Dep't of Educ. of New York, 16 F.4th 1070, 1074 (2d Cir. 2021); Cortlandt St. Recovery Corp. v. Hellas Telecomms. S.A.R.L., 790 F.3d 411, 416-17 (2d Cir. 2015). Plaintiff bears the burden of proving that subject matter jurisdiction exists. Mercer, 2021 WL 230124, at * 2; see Makarova, 201 F.3d at 113. The issue of subject matter jurisdiction is considered before considering the sufficiency of plaintiff's complaint. Id.; see Carver v. Nassau Cnty. Interim Fin. Auth., 730 F.3d 150, 156 (2d Cir. 2013).

    2.       Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

District courts are "obligated to construe pro se complaint [s] liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Courts may not, however, read into pro se submissions claims inconsistent with the pro se litigant's allegations, Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

B.   The Motion to Dismiss is Granted

1.   Sovereign Immunity

As motions directed to subject matter jurisdiction, motions raising sovereign immunity as a defense are properly considered pursuant to Rule 12(b)(1). See Commissiong v. United States Dep't of Hous. and Urban Dev., 2022 WL 1715978, at *1 (2d Cir. May 27, 2022); Makarova, 201 F.3d at 113 (noting that sovereign immunity raises questions that are jurisdictional in nature). "The Eleventh Amendment bars suits against states and their officials unless the state consents to suit or Congress abrogates the state's immunity". Ripa v. Stony Brook Univ., 808 F. App'x 50 (2d Cir. June 9, 2020); CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs., 306 F.3d 87, 94-95 (2d Cir. 2002). Immunity also does not apply where a plaintiff's case falls within the Ex parte Young exception. NAACP v. Merrill, 939 F.3d 470, 475 (2d Cir. 2019) (citations omitted). Ex parte Young applies only if a complaint plausibly alleges an "an ongoing violation of federal law" and plaintiff seeks relief that is "properly characterized as prospective." Id. An "ongoing violation of federal law, requires a plaintiff to plausibly allege a claim that is "neither

5

insubstantial nor frivolous." S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 133 (2d Cir. 2010). A claim is "insubstantial" for purposes of rejecting federal jurisdiction if it is, inter alia, completely devoid of merit." Id.  "Prospective" relief is distinguished from relief that is not "retrospective or designed to compensate for a past violation of federal law." In re Deposit Ins. Agency, 482 F.3d 612, 619 (2d Cir. 2007).

Here, no exception to sovereign immunity saves this case from dismissal. First, there is clearly no consent to this lawsuit, and Congress has not acted to abrogate the state's immunity. Nor does Ex parte Young apply. First, Plaintiff's claim of violation of his Constitutional rights on the ground that he waited a period of months for a decision on a motion for summary judgment is frivolous on its face. Further, even if Plaintiff's claim had any non-frivolous basis, it seeks no plausible claim for any type of prospective injunctive relief that would deprive Defendants of immunity. See NAACP, 939 F. 3d at 475-76. Thus, even applying a broad construction to Plaintiff's pro se Complaint, it is impossible to construe that document as seeking any prospective relief. Ostensibly, Plaintiff sought some type of declaratory relief that any delay in the ruling on the State Court Action motion for summary judgment deprived him of his Constitutional rights. Apart from the fact that this theory sets forth no plausible claim, there has now been a ruling on that motion. It is unclear, to say the least, what further relief Plaintiff does, or could plausibly, seek, by way of this lawsuit. Accordingly, this case presents no set of facts to overcome the doctrine of sovereign immunity.

Plaintiff seems to allege that he seeks some sort of declaratory relief here. However, apart from the frivolous nature of Plaintiff's claims, any such claim against Farneti must be dismissed because federal courts may not "issue a declaratory judgment that state officials violated federal law in the past when there is no ongoing violation of federal law." Green v. Mansour, 474 U.S.

6

64, 67, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985). Plaintiff does not, and can not plausibly claim that there is an ongoing violation by Farneti, but only some imagined past Constitutional violation that has been resolved by the rendering of the decision on the summary judgment motion in the State Court Actions.

In sum, there is no question but that claims such as those brought by Plaintiff here against Defendants are barred by the Eleventh Amendment to the United States Constitution. <u>Griggs v. Criminal Court</u>, 2021 WL 1535056, at *2 (S.D.N.Y. Apr. 19, 2021) (Eleventh Amendment sovereign immunity applies to claims for money damages, injunctive relief, and retrospective declaratory relief); <u>see also</u>; <u>Gollomp v. Spitzer,</u> 568 F.3d 355, 365 (2d Cir. 2009).

Even if sovereign immunity did not apply (and it clearly does), Plaintiff's claims, as discussed below, are undoubtedly barred by judicial immunity.

2.  <u>Judicial Immunity</u>

"Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority" <u>Oliva v. Heller</u>, 839 F.2d 37, 39 (2d Cir. 1988). The immunity granted to judges extends also to judge's staff, including court clerks performing discretionary acts of a judicial nature. <u>Id.</u> The purpose of absolute immunity is to protect "the independent and impartial exercise of judgment vital to the judiciary [which] might be impaired by exposure to potential damages liability." <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429, 435, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993) This species of immunity "is an immunity from suit, not just from ultimate assessment of damages." <u>Mireles v. Waco,</u> 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Thus, it "operates to shield judges acting in their official capacity," <u>DiPasquale v. Milin</u>, 303 F. Supp. 2d 430, 431 (S.D.N.Y. 2004), and bars "claims against [judicial] defendants in their individual capacities," <u>Abrahams v. App. Div. of the Sup. Ct.,</u> 473 F. Supp.

7

2d 550, 557 (S.D.N.Y. 2007). Absolute judicial immunity has two limitations. First, a judge is not immune from liability for "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Mireles, 502 U.S. at 11, 112 S. Ct. 286. Second, a judge is not immune for actions, though judicial in nature, "taken in the complete absence of all jurisdiction." Id.

It is clear from the face of Plaintiff's complaint that his claims against Justice Farneti and Zuckerman cannot be maintained. As noted, judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Mireles, 502 U.S. at 12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam ); see also Forrester v. White, 484 U.S. 219, 225, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331, reh'g denied, 436 U.S. 951, 98 S. Ct. 2862, 56 L. Ed. 2d 795 (1978); Pierson v. Ray, 386 U.S. 547, 553–55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); Oliva, 839 F.2d 37 (2d Cir.1988). This absolute judicial immunity is not overcome by allegations of bad faith or malice, nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 13 (quoting Stump, 435 U.S. at 356). Plaintiff's claims against Farneti all arise out of actions Farneti took while acting in his judicial capacity. Even liberally construed, Plaintiff fails to allege any acts performed by Farneti that fall outside the scope of absolute judicial immunity. Plaintiff's allegations are frivolous on their face and, as such, can be dismissed by this Court. See McAllan v. Malatzky, No. 97 Civ. 8291, 1998 WL 24369, *5–6 (S.D.N.Y. Jan. 22.1998).

Further, to the extent that Plaintiff makes any claim for unspecified declaratory relief, any such claim must be dismissed. Pursuant to the Federal Courts Improvement Act of 1996 ("FICA"), Pub.L. No. 104–317, § 309(c), 110 Stat. 3847 (1996), injunctive relief is barred in any Section 1983 action "against a judicial officer for an act or omission taken in such officer's

8

judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983); see Hili v. Sciarrotta, 140 F.3d 210, 215 (2d Cir. 1998) ("Congress amended § 1983 to bar injunctive relief 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" (quoting 42 U.S.C. § 1983)). Plaintiff does not and cannot allege that a "declaratory decree was violated". 42 U.S.C. § 1983, Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999). As to availability, declaratory relief against a judge for actions taken within their judicial capacity is available by appealing the judge's order. Ashmore v. Prus, No. 13–CV–2796, 2013 WL 3149458, at *4 (E.D.N.Y. June 19, 2013).

Accordingly, it is recommended that Plaintiff's claims against Defendants be dismissed both on the ground of absolute judicial immunity and the Federal Courts Improvement Act of 1996 ("FICA"), Pub.L. No. 104–317, § 309(c), 110 Stat. 3847 (1996).

3.      Younger Abstention and Other Jurisdictional Issues

Plaintiff's claims herein are unquestionably barred by the doctrines of sovereign and judicial immunity. Accordingly, this Court need not reach any additional issues raised by Defendants in support of their motion to dismiss.

## CONCLUSION

For the foregoing reasons this Court respectfully recommends that Defendants' motion to dismiss, appearing as Docket Entry 27 herein, be granted. Plaintiff's lawsuit is frivolous. Plaintiff has already been given one opportunity to re-plead. No further opportunity should be granted.

OBJECTIONS

A copy of this Report and Recommendation is being provided to Defendants' counsel via ECF. Furthermore, the Court directs Defense counsel (1) to serve a copy of this Report and Recommendation by first class mail to Plaintiff at his last known address, and (2) to file proof of service on ECF by March 23, 2023. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
       March 20, 2023

                                                       /s/ Anne Y. Shields
                                                       Anne Y. Shields
                                                       United States Magistrate Judge